**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **NANKO SHIPPING, USA**, *et al.*, : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | 1:14-cv-01301-RMC |
| : | |
| **ALCOA, INC.** *et al.* : | |
| : | |
| **Defendants.** : | |
| : | |

**PLAINTIFF'S RULE 59(e) MOTION FOR RECONSIDERATION**

**COMES NOW** Plaintiff, Nanko Shipping Guinea, by and through undersigned counsel and respectfully moves this court pursuant to Fed. R. Civ. P 59(e) to reconsider its ruling granting Defendant's Motion to Dismiss its §1981 claims against Defendants Aloca, Inc. ("Alcoa") and HALCO, Inc. ("HALCO"). See *Nanko Shipping, USA v. Alcoa, Inc.*, 2015 U.S. Dist. LEXIS 72924, *1 (D.D.C. June 5, 2015) Plaintiff contacted Defense Counsel electronically on this same date but has received no response to its correspondence. Hence, Defendant has not consented to the immediate motion.

**I.     STANDARD OF REVIEW**

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758, 370 U.S. App. D.C. 128 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208, 316 U.S. App. D.C. 152 (D.C. Cir. 1996)). A district court's denial of a request for this extraordinary relief is reviewed only for abuse of discretion. *See Dyson v. District of Columbia*, 710 F.3d 415, 420, 404 U.S. App. D.C.

228 (D.C. Cir. 2013); *Messina*, 439 F.3d at 759; *Anyanwutaku v. Moore*, 151 F.3d 1053, 1058, 331 U.S. App. D.C. 379 (D.C. Cir. 1998); *Firestone*, 76 F.3d at 1208.

Although "[t]he term 'manifest injustice' eludes precise definition," *Roane v. Gonzales*, 832 F. Supp. 2d 61, 64 (D.D.C. 2011), it is clear that "manifest injustice" is an exceptionally narrow concept in the context of a Rule 59(e) motion. The D.C. Circuit has observed that, under Rule 59(e), "manifest injustice does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. CIA*, 355 F.3d 661, 665, 359 U.S. App. D.C. 366 (D.C. Cir. 2004) (internal quotation marks omitted).  In a slightly different context, the Circuit has said that manifest injustice arises from "rulings that upset settled expectations—expectations on which a party might reasonably place reliance." *Qwest Servs. Corp. v. FCC*, 509 F.3d 531, 540, 379 U.S. App. D.C. 4 (D.C. Cir. 2007). These cases make clear that a manifest injustice does not result merely because a harm may go unremedied. *Accord Associated Gen. Contractors of Cal., Inc. v. Cal. State. Council of Carpenters*, 459 U.S. 519, 536, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983) ("[T]he judicial remedy cannot encompass every conceivable harm that can be traced to alleged wrongdoing.") Instead, "manifest injustice" must entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law. *Slate v. ABC,* 12 F. Supp. 3d 30, 34-36 (D.D.C. 2013)

**II.    ARGUMENT**

Plaintiff proffers here that the Court's decision on Defendant's Motion to Dismiss is flawed in several critical respects.  To be clear, in its decision the court ruled: "Only Nanko Shipping Guinea ("NSG") is a party to the TAA and thus only Nanko Shipping Guinea can assert a viable claim to have suffered from a breach of contract as such third party beneficiaries."    Plaintiffs

2

properly alleged that NSG is a black owned corporation and that the Alcoa and HALCO defendants intentionally impaired NSG's contractual rights under the TAA due to race discrimination.

The court, against this backdrop, determined that NSG's specific 42 USC §1981 claims against Alcoa and HALCO, were subject to the Compagnie des Bauxites de Guinee ("CBG") Convention's arbitration clause, which is essentially an agreement between Guinee' and HALCO. Neither Plaintiff NSG nor Defendant Alcoa are parties to the CBG. Further, the court has determined, we think erroneously, that the government of Guinea is in indispensable party for purpose of the asserted §1981 claim. A closer review of applicable law reveals that Guinea may not be required as a party in this case, and further, that the court cannot make such a determination at this initial pleading stage of the litigation without benefit of discovery. These points are discussed further below in the context of Plaintiff's arguments that the court's erroneous interpretation of applicable law creates manifest injustice which justifies its reconsideration. Reconsidering and overturning its June 5, 2015 ruling is accordingly an appropriate and just course of action.

1. **The CBG Arbitration Clause Neither Applies to the Dispute Between NSG and Alcoa Nor HALCO.**

In its Opinion on Defendant's Motion to Dismiss the court, without reference to any case authority, determined that the arbitration clause in the CBG governed any and all disputes which NSG might encounter related in any manner to the CBG Agreement regardless whether the parties to that dispute, e.g. Alcoa, was a party to the CBG . In this connection, the court stated as follows:

If Nanko Shipping Guinea in fact is entitled to exercise Guinea's rights under the

Convention, it is also bound by the other terms of the Convention, including the arbitration clause. The Convention requires that all disputes that are connected to the Convention shall be arbitrated. See Convention, Art. 13 ("Conciliation and arbitration shall apply . . . to all disputes which in any way are connected with this Agreement and with any legal instruments and legal relationships which might be a consequence thereof"). *Nanko Shipping, USA v. Alcoa, Inc.*, 2015 U.S. Dist. LEXIS 72924, *15 (D.D.C. June 5, 2015)

The court's ruling failed, however, to establish legal authority for its finding that the CBG's Arbitration's clause applied equally to the dispute between Guinea and Alcoa, which are both clearly non-parties to the CBG. Additionally, absent discovery, the court cannot ascertain the nature and extent of Alcoa to HALCO and the implications of that relationship. See Court Order at 10. The court rather underscores its ruling that Guinea is a necessary party here and cannot be joined because it enjoys sovereign immunity. *Id*. at 11. Plaintiff submits that at this stage of the litigation, the court is not in position to resolve this fact question.

This court's ruling on the application of the arbitration clause to the NSG-Alcoa race discrimination dispute failed to address the rather unique language in the CBG arbitration clause and to reconcile its traditional and usually correct legal analysis against this arbitration clause, which very clear and unambiguous language selectively qualified its application. The court's ruling suggests that long standing contract law regarding the interpretation of clear terms and conditions is of little moment in this legal dispute. Instructively, the pertinent language in the Arbitration Clause states*: "The above persons or corporate entities, other than the Government, Harvey, and the Corporation, shall stipulate their acceptance of this conciliation and arbitration clause in order to be within its terms."* (Emphasis added) See Defendants' Exhibit 1, CBG Arbitration Clause at Article 13, page 28. There is no ambiguity here. *See Bagley v. Found. for Preservation of Historic Georgetown,* 647 A.2d 1110, 1113 (D.C.1994).

This language expressly excludes NSG, which has not stipulated to the CBG and expressly excluded Alcoa, both non-parties to the CBG, from its application. The court's ruling, however,

failed to delineate or to distinguish Alcoa from HALCO for purpose of the §1981 argument. Plaintiff asserts that the court's reasoning is flawed on this issue and legally incorrect.

2. **The Government of Guinea Is Not Indispensable For Purpose of Plaintiff's 42 USC §1981 Claim.**

The court's decision embraced the premise that Guinea is in an indispensable party under Fed. R. Civ. P. 19.  Plaintiff asserts that the Court's decision was premature at best and that neither the parties, nor this Court can state at this time the extent to which Guinea is an indispensable party.  Necessary to its ruling, the Court effectively made factual findings as a matter of law regarding its need for Guinea to be a party in order that it interprets NSG's rights under the TAA.  The Court then determined, without benefit of discovery, that any contract rights that Plaintiff might have necessarily implicated the government of Guinea as a party.

Further, the court's ruling on this factually intense claim without discovery, we submit, is premature.  Without having first ascertained and identified a single contract provision and corresponding right, and without first allowing the parties to probe from critical HALCO and Guinean witnesses the extent to which those asserted contract rights are disputed or provable, the court has determined that the assertion of any contract right under the TAA necessitates Guinea's involvement as a party.  The Court has also determined that it cannot rule on this issue in a manner that would not ultimately harm Guinea should it rule per chance e that NSG's rights under the TAA are inconsistent with Guinea's assessment of its own rights under the CBG. On this issue, the Court stated in pertinent part:

> The Republic of Guinea could be prejudiced if this case were to move forward. Guinea's important and highly valuable contract rights could be impaired or impeded by the Court's ruling on the third party breach of contract claim as well as the § 1981 claim for enforcement of the contract.  . . .. The Court cannot in equity and good conscience

proceed among the existing parties, and thus this case will be dismissed for failure to join an indispensable party. The Republic of Guinea could be prejudiced if this case were to move forward. Guinea's important and highly valuable contract rights could be impaired or impeded by the Court's ruling on the third party breach of contract claim as well as the § 1981 claim for enforcement of the contract. *Nanko Shipping USA, supra*. at 10

Plaintiff NSG disagrees with this assessment. The TAA constitutes an independent contractual agreement that derives from the CBG, yet which enjoys its own independent legal significance. The Court's interpretation of the TAA in no way binds Guinea's rights under the CBG. The Court has properly acknowledged that it neither has jurisdiction over the CBG nor over Guinea as a sovereign entity. Thus, the Court can exercise its jurisdiction qualifiedly to ascertain the TAA contract's substantive significance, if any, after allowing the parties to conduct reasonable discovery, which might include Guinean and HALCO officials. Should the Court then determine that Guinea is required as a party, then the Court would also enjoy a more appropriate right to rule consistent therewith. At this stage of the litigation, however, Plaintiff has asserted the existence of the TAA and its particularly significant terms and conditions. Arguably, any finding at this time regarding the TAA is speculative and fact driven, particularly since the court has not even reviewed the TAA. See footnote 3: "Neither party has filed a copy of the TAA."

The court's ruling that Guinea was an indispensable party per Plaintiff's §1981 claim against Alcoa and HALCO required a more significant parsing of the TAA, and to some extent the CBG, in the context of §1981. In the first instance, this court's ruling on the TAA pertinent to Plaintiff's §1981 claim will not and could not affect Guinea's contractual rights as per the CBG, given this court's want of jurisdiction over Guinea on sovereign immunity grounds and over the CBG in any event outside of the United States. Moreover, the TAA, not the CBG, is fundamentally at issue here and Plaintiff submits that this court can referee a dispute regarding that provision's interpretation pertinent to the Defendants in the immediate case without Guinea's

involvement as a party. Indeed, the court can clearly ascertain that a separate and distinct TAA contract indisputably exists between NSG and Guinea and, as plead, can clearly ascertain that Alcoa and HALCO treated NSG differently than non-white shipping companies pertinent to NSG's rights under the TAA. If this is not established, then after reasonable discovery, Defendant enjoys the right to file a fact driven summary judgment motion. The court can at that time more properly decide the extent, if any, that Guinea is an indispensable party.

As the United States Supreme Court held in *Domino's Pizza*: " Consistent with this Court's case law, and as required by the statute's plain text, a plaintiff cannot state a §1981 claim unless he has (or would have) rights under the existing *(or proposed)* contract that he wishes "to make and enforce." Indeed, the right at issue does not require an actual breach of a contract, but rather actual or prospective contractual interests.

42 U.S.C. § 1981 protects the rights of individuals to make and enforce contracts free of racial discrimination. It defines making and enforcing contracts as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "A viable 'claim brought under §1981 therefore, must initially identify an impaired contractual relationship under which the plaintiff has rights,' and whether 'racial discrimination ... impairs an existing contractual relationship.'" *Morris v. Carter Global Lee, Inc.,* –––F.Supp.2d ––––, ––––, 2013 WL 5916816, at 5 (D.D.C.2013) (citing *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 476 (2006)). To establish a claim under § 1981, a plaintiff must show that: (1) he is a member of a racial minority group; (2) the defendant intended to discriminate on the basis of his race; and (3) the discrimination pertained to one of the activities enumerated in the statute. *Dickerson v. District of Columbia,* 806 F.Supp.2d 116, 119 (D.D.C.2011). Moreover, § 1981 "can be violated only by purposeful discrimination," *Gen. Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). Contrary to the Court's narrow read of this

claim, Plaintiff clearly asserts that Alcoa has discriminated against it on the basis of race, and in so doing has dutifully asserted a prima facie case of race discrimination. Moreover, this circuit has determined that per well pled section 1981 race discrimination claims "[a]t the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case." *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008).

This court did not address this issue in significant detail given its view on arbitration and the indispensability of Guinea as a party. However, the nature of this claim and the peculiar facts herein mandate appropriate consideration. For example, the court did not characterize NSG's asserted impaired contractual interest, either as existing or expectant in nature. Plaintiff submits that NSG enjoyed both. The following paragraphs in the Amended Complaint are instructive:

> 80. Defendants and or their agents and representatives intentionally and maliciously excluded NSG from participation in shipping transportation contracting of CDG owned bauxite for multiple years predating the immediate pleading. When Defendants treated Plaintiffs as if they were bidders or vendors for shipping contracts, they still otherwise minimized NSG's rights. Defendants previously allowed companies such as Klaveness, other independent shipping entities, as well as its own shipping entities, to engage in shipping contracts without imposing the same or similar levels of scrutiny, restrictions and conditions.
>
> 81. Nanko Shipping is well qualified, experienced, and capable of fulfilling the terms and conditions of the TAA. Defendants' shipping officials in Knoxville, Tennessee, Pittsburg, Pennsylvania and Montreal, Canada, having met with Plaintiffs, were all well aware of Plaintiffs' race, background and capabilities. Despite Nanko's qualifications, Defendants jointly and or severally refused to implement Plaintiffs' TAA.
>
> 82. Upon information and belief, the Alcoa and Halco Defendants acted in conjunction in making the aforementioned decisions which excluded and prevented NSG from effectuating the TAA and from enjoying benefits related thereto without discrimination on basis of race. Based upon its double standards, Halco and Alcoa's representatives and agents conspired to intentionally and deliberately deny NSG the specific contract rights and opportunities stated in the TAA. Defendants imposed certain unreasonable requirements, offered multiple limited shipping opportunities in 2012 after telling Nanko that all such bid opportunities had been contracted out and expressly stated that their decision making process would be arbitrary and subjective. Defendants attempted to appease Nanko per their offer provide a total of two small shipping contracts in 2012, after stating that no such shipping contracts existed.

As plead, NSG enjoyed actual and expectant contract rights and had entered into an agreement with Guinea pertinent to its shipping rights. Flowing from that TAA contract, NSG expected to enter into agreements with other parties that apparently managed Guinea's contractual shipping interests. As this court makes the necessary inferences against the non-moving party defendants, it is noteworthy that the CBG Corporate Board passed a Resolution which affirmed, if not approved, Plaintiff's TAA relationship with the government of Guinea. Hence, the pleading here alleges that the parties to the CBG agree that the TAA enjoys some modicum of validity. The Amended Complaint asserted the following on this issue:

> 22.    On November 18, 2011, the CBG Board hosted a meeting in New York City. The Guinea government announced its authorization and contract award to NANKO regarding shipment of bauxite pursuant to Article 9 of the CBG.
>
> 23.    *On that same date, the CBG Board through Resolution No. 8 of the 74th Board of Directors meeting, acknowledged Guinea's Article 9 rights. Pursuant to its Resolution, the CBG Board invited its Consortium Members (buyers of bauxite) to contact Nanko for purpose of implementing the CBG Agreement.* (Emphasis added)

Indeed, inferences should have been made in Plaintiff's favor as per the validity of its TAA and the existence of contract rights related thereto, which may not have necessitated joining the non-joinable government of Guinea as a party. Notably, the Court sparsely addressed Plaintiff NSG's 1981 claim and the extent to which it is asserted an impairment of Plaintiff's contract rights, to wit, the Plaintiff's TAA contract. For purpose of the subject motions, NSG enjoyed solid enforceable contract rights. To the extent that NSG asserts a valid §1981 claim, in a best case scenario against Alcoa and HALCO, in a wore case scenario against Alcoa only, Plaintiff urges this court to revisit its 42 USC §1985 analysis as well. The claimed civil rights conspiracy should be read invariably with Plaintiff's NSG's asserted §1981 claim.

Based upon this reasoning, Plaintiff NSG asserts that its claim against Alcoa and HALCO should not have been dismissed on Fed. R. Civ. P. 12 or 19 grounds.

9

**DATED:**  July 6, 2015

                    Respectfully submitted,

                    _____/s/_____
                    Donald M. Temple [#408749]
                    1101 15th Street, N.W., Suite 910
                    Washington, D.C. 20005
                    (202) 628-1101 Telephone
                    (202) 628-1149 Facsimile
                    dtemplelaw@gmail.com
                    *Attorney for Nanko Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **NANKO SHIPPING, USA,** *et al.***,** | **:** | |
| | **:** | |
|     **Plaintiffs,** | **:** | |
| | **:** | |
| **v.** | **:** | 1:14-cv-01301-RMC |
| | **:** | |
| **ALCOA, INC.** *et al.* | **:** | |

|  | : |
| --- | --- |
| **Defendants.** | : |
|  | : |

## PROPOSED ORDER

THIS MATTER having come before the Court on a Plaintiffs' Rule 59(e) Motion for Reconsideration and this Court having considered the record herein, it is this \_\_\_ day of _____, 2015:

ORDERED that the motion is **GRANTED**.

_____

_____
**Judge**

copies to:

Donald Temple, Esq.
David Case, Esq.

11